IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | |
| | ) | |
| | ) | No. 19 C 7305 |
| v. | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| **Ricardo Burgos,** | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [1] is denied for the reasons stated below. The Court denies a certificate of appealability. Civil case terminated.

## STATEMENT

Section 2255 provides that a criminal defendant is entitled to relief from his conviction and sentence if "the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show" that the defendant is not entitled to relief. *Id.* Relief under § 2255 is available "only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

On direct appeal from Defendant's conviction, the Seventh Circuit summarized the facts and posture of the case as follows:

> Over a period of months in 2015, Ricardo Burgos sold small amounts of drugs to undercover officers six times, handing over a total of 4.02 grams of crack and 1.4 grams of heroin. A few weeks after the last of these transactions, Burgos recorded a music video at a hotel in Deerfield, Illinois in which he brandished a .45 caliber pistol at the camera—a pistol that he later admitted was stolen and that his past felony convictions barred him from possessing. Burgos was charged with and pleaded guilty to one count of distribution of a controlled substance and one count of unlawfully possessing a firearm. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 922(g)(1). After receiving concurrent 188-month and 120-month sentences, he filed a notice of appeal. His appointed counsel asserts that the appeal is frivolous and moves to withdraw, *see Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396,

18 L.Ed.2d 493 (1967); Burgos opposes the motion, *see* CIR. R. 51(b). We grant counsel's motion and dismiss the appeal.

*United States v. Burgos*, 745 Fed. App'x 636 (7th Cir. 2018). The Court notes that Defendant's sentence was enhanced for being a career offender under Chapter Four of the Sentencing Guidelines, U.S.S.G. §§ 4B1.1(a) and (b)(3), and Defendant's counsel at sentencing did not object to the enhancement. Defendant's § 2255 motion seeks relief for ineffective assistance of trial and appellate counsel.

To prevail on a claim that trial counsel was ineffective, Defendant must meet the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 688 (1984), establishing that (1) his lawyer's performance fell below an objective standard of reasonableness and (2) that he was prejudiced, i.e., there is a reasonable probability that the result of the proceedings would have been different, but for his counsel's unprofessional errors. *Id*. at 694. Defendant first argues that trial counsel was ineffective at sentencing for failing to challenge as qualifiers for career-offender status his prior convictions for aggravated battery of a peace officer, attempted aggravated robbery, and possession of a controlled substance. "An attorney's failure to object to an error in the court's guidelines calculation that results in a longer sentence for the defendant can demonstrate constitutionally ineffective performance." *Ramirez v. United States*, 799 F.3d 845, 855 (7th Cir. 2015). As an initial matter, on direct appeal, the Seventh Circuit agreed with appellate counsel's "assessment that there are no non-frivolous arguments to be made about [Defendant's] career-offender status." *Burgos*, 745 Fed. App'x at 636. The Court agrees that any challenge to Defendant's career-offender status is meritless; thus, his assertion that counsel's performance regarding the relevant enhancement was deficient also fails.

Under the modified categorical approach to determining career-offender status for a crime of violence, the Court "look[s] to the underlying documentation to determine if [Defendant] was charged with aggravated battery because he 'caused bodily harm,' in which case the crime qualifies as a crime of violence, or because he 'made physical contact of an insulting or provoking nature,' in which case the crime would fall outside [the] definition of a crime of violence." *United States v. Lynn*, 851 F.3d 786, 797 (7th Cir. 2017) (citation omitted). Attached to the government's version of the offense in this case was a copy of the state-court indictment to which Defendant pleaded guilty, charging him with striking a peace officer "about the body" and "knocking him to the ground," thus committing an aggravated battery by "intentionally or knowingly caus[ing] bodily harm." (*United States v. Burgos*, No. 16 CR 165, Dkt. # 29, at 52.) Because this offense was properly used to support a career-offender enhancement, counsel was not ineffective for failing to challenge its use at sentencing.

With respect to Defendant's attempted aggravated robbery, "any Illinois conviction for attempted armed robbery . . . would qualify as a crime of violence . . . ." *United States v. Andrews*, 419 Fed. App'x 673, 676 (7th Cir. 2011). Thus, this conviction was properly used to enhance Defendant's sentence for being a career offender and counsel was not ineffective for failing to argue otherwise, either at sentencing or on appeal.

Defendant also contends that sentencing counsel was ineffective for failing to argue that his prior conviction for possession of a controlled substance should not have been used to support career-offender status. But according to the presentence investigation report, which was adopted by the Court, Defendant's career-offender status was based on the two crimes of violence discussed above, not the possession of a controlled substance. Accordingly, counsel was not ineffective for failing to raise this issue.

Defendant also challenges appellate counsel's performance. To succeed on an ineffective assistance of appellate counsel claim, Defendant must show that appellate counsel failed to argue "an issue that is both obvious and clearly stronger than the issues actually raised." *Makiel v. Butler*, 782 F.3d 882, 898 (7th Cir. 2015) (internal quotation marks omitted).

Defendant first asserts that appellate counsel was ineffective for failing to challenge the career-offender predicate offense of attempted aggravated robbery. Because, as discussed above, the argument is meritless, counsel could not have been ineffective for failing to raise it on appeal. Defendant next contends that appellate counsel was ineffective by not arguing that because his civil rights had been restored by the state of Illinois, he could not be charged with being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g). But Defendant fails to point to any evidence, such as a letter from the state of Illinois, that his civil rights had been restored. *See Musgraves v. United States*, No. 15 C 347, 2018 WL 1366616, at *4 (S.D. Ill. Mar. 16, 2018) (denying § 2255 claim on the same ground because the defendant "[did] not present[] any letter indicating that his civil rights had been restored, nor d[id] he indicate that he took any steps to restore his right to possess a firearm"). In fact, Defendant does not even "allege facts that, if proven, would . . . entitle[] him to relief." *Hicks v. United States*, 886 F.3d 648, 652 (7th Cir. 2018). Therefore, the Court denies this basis for relief.[1]

In a supplement to his § 2255 motion, Defendant contends that a recent Supreme Court case, *Rehaif v. United States*, 139 S. Ct. 2191 (2019), supports his claim that counsel was ineffective when she did not challenge on appeal Defendant's conviction for being a felon in possession of a firearm under § 922(g). In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id*. at 2200. The government argues that the claim is procedurally defaulted. "In general, habeas corpus petitioners may not raise any issue that they might have presented on direct appeal." *Cross v. United States*, 892 F.3d 288, 294 (7th Cir. 2018). "A petitioner may, however, overcome procedural default by showing cause for the default and actual prejudice, or that failure to consider the defaulted claim will result in a fundamental miscarriage of justice." *Id*. at 294-95 (internal citations and quotation marks omitted). "Absent a showing of both cause and prejudice, procedural default will only be

---

[1] In addition, in order to challenge his conviction, Defendant would have had to withdraw his guilty plea. Appellate counsel indicated in her brief that she discussed withdrawing Defendant's plea with him, but he stated that he did not want to do so. (*United States v. Burgos*, No. 18-1284 (7th Cir.), Dkt. # 15, at 17.) ("[C]ounsel consulted [Defendant] as to whether he wished to seek a withdrawal of his guilty plea. He indicated to counsel that he did not wish to do so.")

3

excused if the prisoner can demonstrate that he is 'actually innocent' of the crimes of which he was convicted." *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016). The Court agrees that the claim is procedurally defaulted because even if *Rehaif*, which applies retroactively on collateral review, allows Defendant to satisfy the cause prong of procedural default, he fails to establish prejudice. *See Floyd v. United States*, No. 19 C 6578, 2020 WL 374695, at *3 (N.D. Ill. Jan. 23, 2020) (finding defendant had failed to show prejudice and thus had procedurally defaulted claim based on *Rehaif*, stating that "[i]t is inconceivable that [the defendant], at the time he possessed the firearm, was unaware of [his prior] felony conviction and sentence. Given this, there is no reasonable probability that [the defendant] would have declined to plead guilty had he known that a § 922(g)(1) conviction required that he know at the relevant time that he had been convicted of such a crime."). Likewise, in *Floyd*, the court rejected actual innocence (i.e., a fundamental miscarriage of justice) as a basis for excusing procedural default:

> Because the record indisputably shows that [the defendant] had been convicted of a felony and sentenced to four years' imprisonment, and because [the defendant] does not and could not plausibly argue that he did not know of that conviction and its sentence at the time he possessed the firearm, a jury properly instructed under *Rehaif* surely would have convicted him under § 922(g)(1).

*Id*. Here, as discussed below, Defendant's guilty plea dictates the same result, and accordingly, he cannot establish prejudice or actual innocence. The Court thus finds that Defendant's *Rehaif* claim is procedurally defaulted.

Even if the claim is not procedurally defaulted, it fails on the merits. According to Defendant, he did not know he was forbidden from possessing a firearm. He again refers generally to having one's civil rights restored and contends that his appellate counsel should have so argued. As already discussed, however, Defendant does not point to any evidence, or even allege, that his civil rights have been restored. Moreover, Defendant pleaded guilty to the § 922(g) count, acknowledging in his plea declaration that "at the time he possessed the gun, he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year." (*United States v. Burgos*, No. 16 CR 165 (N.D. Ill.), Plea Decl., Dkt. # 25, at 3.) "*Rehaif* does not require the [g]overnment [to] prove [that] a criminal defendant knew he was prohibited from possessing firearms, only that he was included in a group generally excluded from possessing firearms." *Alexander v. Entzel*, No. 19 C 1301, 2020 WL 1068060, at *3 (C.D. Ill. Mar. 5, 2020). In this case, Defendant's guilty plea, along with his failure to point to any evidence that his civil rights had been restored precludes his claim that he did not know that he belonged to the category of persons barred from possessing a firearm. Accordingly, because a claim under *Rehaif* fails on the merits, Defendant's argument that appellate counsel was ineffective for failing to make such an argument is also unavailing.

Finally, Defendant asks for relief under the First Step Act of 2018, apparently seeking relief from a purported 5-year statutory minimum sentence on Count One for distributing crack cocaine. Defendant's argument is meritless because he was not subject to a statutory-minimum sentence on Count One. (*United States v. Burgos*, No. 16 CR 165, Presentence Investigation Report, Dkt. # 29, at 36.)

Under § 2255 Rule 11(a), "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). "[I]n cases where a district court denies a habeas claim on procedural grounds, the habeas court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *United States v. Singleton*, 03 CR 175, 2014 WL 3558771, at *4 (N.D. Ill. July 17, 2014). Defendant has failed to make such a showing so a certificate of appealability on the procedural ground for the Court's ruling is denied. To the extent that the Court's denial of Defendant's § 2255 motion is on the merits, Defendant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted); *Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011) (similar). Again, Defendant has failed to make that showing, so a certificate of appealability is denied.

**Date**: May 1, 2020

*[signature: Ronald A. Guzmán]*

**Ronald A. Guzmán**
**United States District Judge**